Filed 2/19/25  P. v. Espinosa CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GILBERT MARK ESPINOSA,<br><br>    Defendant and Appellant. | 2d Crim. No. B337697<br>(Super. Ct. No. 2023031038)<br>(Ventura County) |

Gilbert Mark Espinosa appeals the trial court's judgment sentencing him to four years in state prison after he violated the terms of his probation.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues. On November 21, 2024, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In November 2023, appellant was arrested after police responded to a report of a stolen, occupied vehicle.

On February 28, 2024, appellant pleaded no contest to receiving stolen property (1996 Acura Integra) (Pen. Code, § 496d, subd. (a), count 1), a felony.[1] He admitted two prior strike convictions (§§ 667, 1170.12) and a prior conviction for violation of Vehicle Code section 10851 (§ 666.5, subd. (a)). He also admitted two aggravating factors (Cal. Rules of Court, rule 4.421(b)(2), (b)(3)).

The trial court found there was a factual basis for the plea. Pursuant to the negotiated plea, appellant entered a Cruz waiver, the trial court released him on supervised probation with credit for time served on the condition that if he violated probation, the Cruz waiver would be triggered, and appellant could be sentenced to state prison.

On March 15, 2024, appellant violated probation by evading police officers, possessing methamphetamine and a glass pipe, and failing to follow the trial court's order to stay at his daughter's residence. The trial court sentenced him to four years in state prison, consisting of the lower term of two years, doubled as to count 1.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                    YEGAN, J.

We concur:



        GILBERT, P. J.



        CODY, J.

3

Paul W. Feldman, Judge
Superior Court County of Ventura
_____

Marta I. Stanton, under appointment by the Court of
Appeal, for Defendant and Appellant.
No appearance for Respondent.